IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ABRAHAM GONZALEZ-RONDON                                    PETITIONER

v.                                         CIVIL ACTION NO. 5:19-cv-109-DCB-MTP

WARDEN SHAWN R. GILLIS                                      RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Petitioner Abraham Gonzalez-Rondon's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 and Motion to File Supplementary Declaration [10]. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Court grant the Petition [1], order that Petitioner be deported or released from Immigration and Customs Enforcement ("ICE") custody within thirty days of a favorable ruling on the Petition [1], and deny as moot the Motion to File Supplementary Declaration [10].

## BACKGROUND

On October 5, 2018, Petitioner, an alien from Venezuela, was convicted of fleeing or eluding arrest in Wake County, North Carolina. *See* [7-1]. On November 5, 2018, Petitioner was taken into ICE custody, and on April 11, 2019, following removal proceedings, an Immigration Judge issued an order directing that Petitioner be removed from the United States to Venezuela. *Id*.

On October 21, 2019, Petitioner filed the instant Petition, arguing that his extended detention in ICE custody is unlawful. Petitioner seeks release from immigration custody. Respondent filed a Response [7], arguing that the Petition should be denied because Petitioner's removal to Venezuela is imminent.

1

## ANALYSIS

The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A), provides that the Attorney General has ninety days after an order of removal becomes final to deport the alien. The Supreme Court has held that detention of aliens beyond this ninety-day period is acceptable up to six months. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). This, however, does not mean that every alien not removed after six months must be released. "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." *Id*. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. "[D]etermining what the 'reasonably foreseeable future' really is, is a factual determination to be undertaken by the habeas court looking into the circumstance and detention length of each individual petitioner." *Kane v. Mukasey*, 2008 WL 11393137, at *4 (S.D. Tex. Aug. 21, 2008), *superseded by Kane v. Mukasey*, 2008 WL 11393094 (S.D. Tex. Sep. 12, 2008) (finding habeas petition was moot after petitioner was deported).

"The alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). This burden does not require the alien to show that deportation will prove "impossible" or "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable . . . ." *Zadvydas*, 533 U.S. at 702. "In order to shift the burden to the Government, an alien must demonstrate that the circumstances of his status or the existence of the particular individual barriers to his repatriation to his country of origin are such that there is no significant likelihood of removal in the foreseeable future." *Galtogbah v. Sessions*, 2019 WL 3766280, at *2 (W.D. La. June 18, 2019). However, "an

alien's claim must be supported by more than mere speculation and conjecture." *Id*. (internal quotations and citation omitted).

Once the alien has met his initial burden, the burden shifts to the Government to "respond with evidence sufficient to rebut the alien's showing." *Zadvydas*, 533 U.S. at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*.

Petitioner points out that he has been held in ICE custody awaiting removal since April 11, 2019—when his removal order was issued. Thus, the length of Petitioner's confinement is well in excess of the six-month presumptively reasonable period prescribed by the Supreme Court in *Zadvydas*. Petitioner asserts that he has been fully cooperative in all efforts to secure travel documents from Venezuela. Petitioner notes that the Government requested Venezuelan travel documents on April 12, 2019, but Venezuelan officials have not yet provided travel documents or even confirmed receipt of the Government's request. According to Petitioner, this is because Venezuela has broken off diplomatic relations with the United States.

Indeed, the record demonstrates that during the more than thirteen months since the Government made its request for travel documents, Venezuela has neither provided the documents nor provided any assurance that the documents are forthcoming. Petitioner has met his initial burden under *Zadvydas* to demonstrate that removal is not likely in the foreseeable future. *See Butt v. Holder*, 2009 WL 1035354, at *5 (S.D. Ala. March 19, 2009) (holding that petitioner met his initial burden where he was held in ICE custody for more than ten months after

the issuance of his removal order with no indication from the Pakistani Embassy that travel documents would be issued).[1]

Accordingly, the burden now shifts to the Government to rebut Petitioner's showing. In his Response [7], Respondent argues that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. Respondent's argument relies upon a Declaration [7-1] by Juan Barocio, an ICE Deportation Officer. In the declaration, Barocio states that ICE is in possession of Petitioner's Venezuelan "Cedula De Identidad" card, that a request for travel documents is currently pending, and that on September 25, 2019, ICE Enforcement and Removal Operations stated there is a "significant likelihood of removal of Venezuelan citizens and nationals in the reasonably foreseeable future." *See* [7-1]. Barocio also states that it is his "belief that Petitioner's removal to Venezuela is imminent." *Id*.

Barocio's Declaration does little to rebut Petitioner's showing. Respondent does not dispute that Plaintiff has been fully cooperative in efforts to secure travel documents, admitting that Petitioner provided ICE his Venezuelan "Cedula De Identidad" card. Despite Petitioner's cooperation, the Government's request for travel documents has been pending for more than a year, without a response from Venezuelan officials. Respondent offers nothing—other than unsubstantiated belief—to suggest that a response from Venezuelan officials is forthcoming or that ICE is capable of removing Petitioner to Venezuela.

Although ICE and Barocio are purportedly of the opinion that the removal of Venezuelan citizens and, specifically, Petitioner is foreseeable, Respondent provides no support for these

---

[1] Petitioner also filed a Motion to File Supplementary Declaration [10] in which he seeks to convey to the Court hearsay and rumors concerning the actions taken by the Government to remove another alien to Venezuela via Trinidad and Tobago. As Petitioner has met his initial burden under *Zadvydas* without consideration of the supplemental declaration, the undersigned recommends that the Motion [10] be denied as moot.

opinions. Stated simply, Respondent provides no explanation as to why Petitioner's removal is foreseeable. Respondent cannot rest on bald assertions that removal is foreseeable with no supporting evidence. Moreover, the date of Barocio's declaration undermines its credibility. The declaration, signed on December 23, 2019, states that it is Barocio's "belief that Petitioner's removal to Venezuela is imminent." *See* [7-1]. Five months have passed since Barocio stated that Petitioner's removal was *imminent*, and Petitioner remains in ICE custody.[2]

"[A] theoretical possibility of eventually being removed does not satisfy the government's burden once the removal period has expired and the petitioner establishes good reason to believe his removal is not significantly likely in the reasonably foreseeable future." *Kane*, 2008 WL 11393137 at *5; *see also Andreasyan v. Gonzalez*, 446 F. Supp. 2d 1186, 1189-90 (W.D. Wash. 2006) (finding that respondent had not rebutted petitioner's showing that he would not be removed when respondent repeatedly asked for "a few more weeks" to obtain travel documents). "[I]f [ICE] has no idea of when it might reasonably expect [Petitioner] to be repatriated, this Court certainly cannot conclude that his removal is likely to occur— or even that it *might* occur— in the reasonably foreseeable future." *Singh v. Whitaker*, 362 F. Supp. 3d 93, 102 (W.D.N.Y. 2019).

With no significant likelihood of removal in the foreseeable future, Petitioner's detention is now unreasonable. *See Ali v. Dep't of Homeland Sec.*, 2020 WL 1666074 (S.D. Tex. Apr. 2, 2020) (granting writ when petitioner could not be removed due to travel restrictions to Pakistan). After more than a year of detention, "Petitioner's removal need not necessarily be imminent, but it cannot be speculative." *Hassoun v. Sessions*, 2019 WL 78984, at *6 (W.D.N.Y. Jan. 2, 2019).

---

[2] *See* https://locator.ice.gov/odls/#/index (last visited May 22, 2020).

As Respondent has not met his burden to show that continued detention is authorized, Petitioner must be deported or released. "[T]he alien's release may and should be conditioned on any of the various forms of release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Zadvydas*, 533 U.S. at 700; *see Okwilagwe v. I.N.S.*, 2002 WL 356758 (N.D. Tex. Mar. 1, 2002) (granting writ of habeas corpus but setting conditions of alien's release).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that:

1. the Petition [1] be GRANTED;

2. the Court order Immigration & Customs Enforcement to deport Petitioner or release him subject to appropriate conditions of supervision, to be determined by Immigration & Customs Enforcement, within thirty days of the Court's order granting the Petition [1]; and

3. Petitioner's Motion to File Supplementary Declaration [10] be DENIED as moot. *See supra* note 1, at 4.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 22nd day of May, 2020.

                                               s/ Michael T. Parker
                                              United States Magistrate Judge