IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

ABRAHAM GONZALEZ-RONDON                                      PETITIONER

V.                              CIVIL ACTION NO. 5:19-cv-109-DCB-MTP

WARDEN SHAWN R. GILLIS                                       RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 13], to which a Notice of No Objection has been filed [ECF No. 14]. Having carefully reviewed said report, the Court finds it to be well taken and hereby adopts it as the findings and conclusion of this Court.

Petitioner, a citizen of Venezuela, filed a Writ of Habeas Corpus asserting that he has been held in custody by Immigration and Custom Enforcement ("ICE") in excess of six-months after he was issued a final removal order. Petitioner does not challenge the Final Order of Removal. Rather, Petitioner seeks release from detention while he awaits removal. Respondent counters that Petitioner's continued detention is reasonable because his deportation to Venezuela is imminent.

The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A) provides that the Attorney General has 90 days after an order of removal becomes final to deport an alien. The Supreme Court has held that detention of aliens beyond this 90-day period is

1

acceptable for up to six months. Zadvydas v. Davis, 533 U.S. 678, 701 (2001). "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." Id. This does not mean that every alien not removed after six months must be released. Id. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

"The alien bears the initial burden of proof in showing that no such likelihood of removal exists." Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006). To meet his burden, "the alien's claim must be supported by more than mere speculation and conjecture." Galtogbah v. Sessions, 2019 WL 3766280, at *2 (W.D. La. 2019) (internal quotations and citation omitted). Conclusory statements are not enough to demonstrate that the alien will not be removed in the foreseeable future. Andrade, 459 F.3d at 543. "In order to shift the burden to the Government, an alien must demonstrate that the circumstances of his status or the existence of the particular individual barriers to his repatriation to his country of origin are such that there is no significant likelihood of removal in the foreseeable future. Galtogbah, 2019 WL 3766280, at *2 (internal quotations and citation omitted). The petition

should be dismissed if the alien does not meet this initial burden. See Akinwale v. Ashcroft, 287 F.3d 1050, 1051-52 (11th Cir. 2001).

Once the alien has met his initial burden, the burden shifts to the Government to "respond with evidence sufficient to rebut the alien's showing." Zadvydas, 533 U.S. at 701. "For detention to remain reasonable, as the period of prior post removal confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." Id.

Petitioner was issued an Order of Removal from ICE on April 11, 2019. The following day, ICE requested additional travel documents from Venezuelan officials, but they have yet to provide travel documents or confirm receipt of the Government's request. Since then, Petitioner has been waiting well in excess of the six-month presumptively reasonably prescribed period by the Supreme Court in Zadvydas. Both the Petitioner and Respondent agree that the Petitioner has provided the requested travel documents.

Magistrate Parker found that Venezuela, in over thirteen months, "has neither provided the documents nor provided any assurances that the documents are forthcoming." Therefore, Petitioner has met his initial burden under Zadvydas to demonstrate that removal is unlikely in the foreseeable future because he has cooperated with ICE and Venezuela has made no indication that they will cooperate with Petitioner's removal. See Butt v. Holder, 2009 WL 1035354, at *5 (S.D. Ala. 2009) (holding that petitioner met

3

his initial burden where he was held in ICE custody for more than ten months after the issuance of his removal order with no indication from the Pakistani Embassy that travel documents would be issued).

Since the petitioner has met his initial burden under Zadvydas, the burden now shifts to the Government to rebut. The Respondent contends that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. [ECF No. 7]. In support of his assertion, Respondent provides a declaration made by Juan Barocio, an ICE deportation officer. On December 23, 2019, a declaration made by Barocio stated that ICE was in possession of Petitioner's Venezuelan "Cedula De Identidad" card, that a request for travel documents was currently pending, and that on September 25, 2019, ICE Enforcement and Removal Operations stated that there was a "significant likelihood of removal of Venezuelan citizens and nationals in the reasonably foreseeable future."

Barocio's Declaration does little to rebut Petitioner's showing. Respondent even concedes that the Plaintiff has been fully cooperative in efforts to secure travel documents. Despite Petitioner's cooperation, the Government's request for travel documents has been pending for more than a year, still without response from Venezuelan officials. The Respondent's position is a belief that removal is imminent. Respondent cannot rest on a

4

bald assertion that removal is foreseeable with no supporting evidence. Furthermore, Barocio's declaration was signed on December 23, 2019, and over six months have passed since the statement was made about Petitioner's imminent removal.[1]

"A theoretical possibility of eventually being removed does not satisfy the government's burden once the removal period has expired and the petitioner establishes good reason to believe [that] his removal is not significantly likely in the reasonably foreseeable future." Kane v. Mukasey, 2008 WL 1139137 at *5 (S.D. Tex. 2008). Additionally, "if [ICE] has no idea of when it might reasonably expect [Petitioner] to be repatriated, this Court certainly cannot conclude that his removal is likely to occur – or even that it might occur – in the reasonably foreseeable future." Singh v. Whitaker, 362 F.Supp.3d 93, 102 (W.D.N.Y. 2019).

With no significant likelihood of removal in the foreseeable future, Petitioner's detention is now unreasonable. See Ali v. Dep't of Homeland Sec., 2020 WL 1666074 (S.D. Tex. 2020). After more than a year of detention, "Petitioner's removal need not necessarily be imminent, but it cannot be speculative." Hassoun v. Sessions, 2019 WL 78984 at *6 (W.D.N.Y. 2019).

Since the Respondent has not met his burden to show that continued detention is authorized, the Petitioner must be deported

---

[1] See https://locator.ice.gov.odls/#/index (last visited June 12, 2020).

or released from ICE custody. "The alien's release may and should be conditioned on any of the various forms of release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." Zadvydas, 533 U.S. at 700.

Petitioner also filed a Motion to File Supplementary Declarations [ECF No. 10] in which he seeks to convey to the Court hearsay and rumors concerning the actions taken by the Government to remove another alien to Venezuela via Trinidad and Tobago. Petitioner has met his initial burden under Zadvydas without consideration of the supplemental declaration. Therefore, the motion [ECF No. 10] is denied as moot.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 13] is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that the Petitioner's Motion to File Supplementary Declarations [ECF. No. 10] be DENIED as moot.

This Petition for Writ of Habeas Corpus [ECF No. 1] is hereby GRANTED. IT IS FURTHER ORDERED that ICE shall deport Petitioner or release him subject to appropriate conditions of supervision, to be determined by ICE, within thirty days of the Court's order granting the petition [ECF No. 1]. A final Judgment shall be

entered of even date herewith in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 23rd day of June, 2020.

/S/ David Bramlette

UNITED STATES DISTRICT JUDGE